T.C. Summary Opinion 2004-83


UNITED STATES TAX COURT


MICHAEL J. SULLIVAN AND MAUREEN SULLIVAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5178-03S.                Filed June 24, 2004.


Michael J. and Maureen Sullivan, pro sese.

<u>Frank N. Panza</u>, for respondent.


     DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time that the petition was filed.  Unless otherwise
indicated, subsequent section references are to the Internal
Revenue Code in effect for the year in issue.

     Respondent determined for taxable year 2000 a deficiency in
petitioners' Federal income tax of $39,519 and an accuracy-
related penalty of $2,314.

Prior to trial, petitioners filed an amended return and conceded the deficiency and paid it in full. The remaining issue for decision is whether petitioners are liable for the accuracy-related penalty under section 6662(a) due to a substantial understatement of the amount of their income tax, as defined in section 6662(d).

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits received into evidence are incorporated herein by reference. At the time the petition in this case was filed, petitioners resided in Los Altos, California.

During taxable year 2000, petitioner Michael J. Sullivan (Mr. Sullivan) was employed as a Program Manager with CEMAX-ICON, Inc. (CEMAX), and earned approximately $105,000. Mr. Sullivan received biweekly pay statements from CEMAX, and CEMAX reported this income to the Internal Revenue Service on Form W-2, Wage and Tax Statement. Mr. Sullivan also received approximately $182,000 in salary and severance payments from another position he had held with Phillips Silicon Valley Center (Phillips).

For tax year 2000, petitioners timely filed a Form 1040, U.S Individual Income Tax Return, which had been prepared by a Certified Public Accountant. There were several Forms W-2 and Forms 1099-R, Distributions From Pensions, Annuities, Retirement

or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., attached to petitioners' 2000 return.  Petitioners omitted the Form W-2 containing the information from Mr. Sullivan's employment with CEMAX and did not report the $105,000 Mr. Sullivan earned or the taxes withheld from that salary.

When he received the return from his C.P.A., Mr. Sullivan examined petitioners' "year-over-year" comparison to make sure the income numbers looked right.  This "year-over-year" comparison prepared by the C.P.A. is a 2-year comparison worksheet which identifies pertinent tax figures for the current and previous year and then shows increase or decreases.  It is not the tax return itself.  Mr. Sullivan did not speak directly with the C.P.A. who prepared his return, nor did he inform the C.P.A. that he had changed employment during 2000.

Respondent conducted an audit of petitioners' return and issued the notice of deficiency determining the accuracy-related penalty.

## Discussion

Section 6662(a) imposes a penalty in the amount of 20 percent of the portion of the underpayment to which the section applies.  As relevant to this case, the penalty applies to any portion of the underpayment that is attributable to any substantial understatement of income tax.  Sec. 6662(b)(2).  There is a "substantial understatement of income tax" if the

amount of the understatement exceeds the greater of 10 percent of the tax required to be shown on the tax return or $5,000. Sec. 6662(d)(1)(A).

Section 7491(c) requires the Commissioner to carry the burden of production because he seeks to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the burden of production is met, the taxpayer must come forward with sufficient evidence that the penalty does not apply. Id. at 447.

Petitioners reported a tax liability of $48,524 on their 2000 tax return. Respondent determined that petitioners' corrected tax liability was $88,043. The difference is fully attributable to petitioners' omission of Mr. Sullivan's wages from CEMAX. Respondent has satisfied his burden by showing that the understatement of tax exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000.

The amount of an understatement is reduced to the extent it is attributable to a position: (1) For which there is substantial authority, or (2) which the taxpayer adequately disclosed on his return and for which there is a reasonable basis. Sec. 6662(d)(2)(B). Petitioners have not met either of these requirements.

The accuracy-related penalty is not imposed, however, with respect to any portion of the understatement if the taxpayer can establish that he acted with reasonable cause and in good faith.

Sec. 6664(c). The decision as to whether the taxpayer acted with reasonable cause and in good faith depends upon all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. The extent of the taxpayer's effort to assess his proper tax liability is generally the most important factor in determining reasonable cause and good faith. Id. The taxpayer has the burden of proving that he acted with reasonable cause and in good faith. Higbee v. Commissioner, supra at 446-449.

Petitioners concede that they did not include Mr. Sullivan's wages from CEMAX in their 2000 return. Petitioners, however, contend that they acted in good faith and exercised normal business judgment in preparing their return. Although Mr. Sullivan testified that he kept detailed weekly records on a remodeling project that petitioners had undertaken during 2000, he also stated that he only "knew roughly how much [he] made."

Mr. Sullivan stated that because of the amount of the severance pay he had received from Phillips, he did not realize that the CEMAX income was omitted from their return. He did not examine the Forms W-2 carefully. He just "looked through them quickly." He also contends that he did not receive a Form W-2 from CEMAX. Nevertheless, Mr. Sullivan received biweekly pay statements from CEMAX documenting his wages. Petitioner did not need to receive a Form W-2 to be alerted to the fact that he

received compensation from CEMAX for his services.  See <u>Brunsman v. Commissioner</u>, T.C. Memo. 2003-291.

Taxpayers have a duty to read a return and to make sure all items are included.  <u>Magill v. Commissioner</u>, 70 T.C. 465, 479-480 (1978) (citing <u>Bailey v. Commissioner</u>, 21 T.C. 678, 687 (1954)), affd. 651 F.2d 1233 (6th Cir. 1981).  At trial, Mr. Sullivan agreed with this point.  The omission of the CEMAX Form W-2 resulted in petitioners' failure to include almost one-third of their income on their original return.  Petitioners' failure to carefully review their return was not reasonable.  See <u>Guenther v. Commissioner</u>, T.C. Memo. 1995-280.  On the basis of the record, the Court concludes that petitioners are liable for the accuracy-related penalty under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.